# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07cv33-RJC

| | |
|---|---|
| **RUBBERMAID INCORPORATED** (d/b/a Rubbermaid Medical Solutions), | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **SIGNALIFE, INC.,** | ) ) |
| Defendant. | ) ) ) |
| **SIGNALIFE, INC.,** | ) ) |
| Counterplaintiff, | ) ) |
| v. | ) ) |
| **RUBBERMAID INCORPORATED** (d/b/a Rubbermaid Medical Solutions), **NEWELL RUBBERMAID INC., GARY SCOTT,** and **DAVID HICKS,** | ) ) ) ) ) |
| Counterdefendants. | ) ) |

**THIS MATTER** is before the Court on Plaintiff's motion to certify and register judgment (Doc. No. 95), Defendant's response in opposition (Doc. No. 98), and Plaintiff's reply (Doc. No. 99). Under Federal Rule of Civil Procedure 62(a), a judgment of a United States District Court becomes final and enforceable ten days after judgment is entered. Fed. R. Civ. P. 62(a). At that time, a prevailing plaintiff is entitled to execute upon a judgment. Pending appeal, however, the judgment is only enforceable in the district in which it was rendered, unless the judgment is "registered" in another district by court order. 28 U.S.C. § 1963 (2001). The registration process is set forth in 28

U.S.C. § 1963, which provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any []district court . . . may be registered by filing a certified copy of the judgment in any other district [], . . . when the judgment has become final by appeal or expiration of the time for appeal or <u>when ordered by the court that entered the judgment for good cause shown</u>. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

<u>Id.</u> (emphasis added). Section 1963 thus permits a district court to issue an order certifying a judgment for registration during the pendency of an appeal upon a finding of "good cause." <u>Id.</u>

Because an appeal is currently pending, plaintiff must show good cause in order to have the judgment registered at this time. Good cause exists based on "a mere showing that the defendant has substantial property in [another] district and insufficient in the rendering district to satisfy the judgment." 28 U.S.C.A. § 1963 commentary (West Supp. 1990); <u>Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.</u>, 259 F.3d 1186 (9th Cir. 2001); <u>Schreiber v. Kellogg</u>, 839 F. Supp. 1157 (E.D. Pa. 1993); <u>Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp.</u>, 128 F.R.D. 63 (D.N.J. 1989). Rubbermaid, through the affidavit of its counsel, asserts that Signalife has little or no assets in North Carolina, but has substantial assets in other districts including California. Signalife also has not posted a supersedeas bond nor sought a stay of the action pending appeal, and Rubbermaid is fearful that Signalife may transfer or otherwise conceal property necessary to satisfy the Judgment.

Signalife does not contest Rubbermaid's assertion that Signalife has insufficient assets in North Carolina to satisfy the judgment and that it has substantial assets in the state of California. Signalife merely requests additional time to post a supersedeas bond and stay the execution of the

judgment. As this request is not properly before the Court[1] and Rubbermaid has shown Signalife has insufficient assets in North Carolina and sufficient assets in California, the Court concludes that "good cause" exists to allow Rubbermaid to register its judgment in California and elsewhere.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion to certify and register the judgment in California and elsewhere pursuant to 28 U.S.C. § 1963 is hereby **GRANTED**.

**SO ORDERED**.

Signed: January 30, 2009

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] Local Rule 7.1(C)(2) requires that "[m]otions shall not be included in responsive briefs. Each motion should be set forth as a separately filed pleading." N.C.W.D. Local R. 7.1(C)(2).